

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 30, 1971

Honorable Richard L. Coffman
Administrator
Texas Employment Commission
Austin, Texas   78701

Opinion No. M- 898

Re:  Whether, pursuant to
      Article 5221b-7, Sub-
      division (d), Vernon's
      Civil Statutes, the Comp-
      troller of Public Accounts
      may issue a duplicate war-
      rant for unemployment
      compensation benefits to
      a bank when such bank has
      complied with the provisions
      of Article 4365, Vernon's
      Civil Statutes, and re-
      lated question.

Dear Mr. Coffman:

        Your recent letter requesting the opinion of this office
concerning the referenced matter states, in part, as follows:

        "In the early part of 1970 the Comptroller,
    at the request of the Texas Employment Commission,
    issued warrants in payment of unemployment compen-
    sation benefits to a number of claimants.  These
    warrants were then cashed by the claimants at the
    National City Bank of Waco, Texas.

        "On May 20, 1971, more than one year after
    the warrants had been issued by the Comptroller's
    office, the bank requested the Comptroller, pur-
    suant to Article 4365, V.C.S., to issue to it
    duplicates of these warrants.  The bank complied
    with the requirements of Article 4365 . . .

-4379-

"The warrants in question were issued under the terms and authority of the Texas Unemployment Compensation Act, Article 5221b, V.C.S.* . . .

"In view of the apparent conflict between the provisions of the two statutes cited above, two questions have arisen with regard to the procedure the Comptroller is legally required to follow:

"(1)  May the Comptroller issue duplicate unemployment compensation warrants to the National City Bank of Waco, Texas, as the bank has requested?

"If the answer to this question is in the affirmative, a second question arises:

"(2)  If the Comptroller may issue such duplicate warrants, may such warrants then be paid by the Comptroller upon presentment without further Legislative authorization?"

Article 4365, Vernon's Civil Statutes, provides, in part, as follows:

"The Comptroller, when satisfied that any original warrant drawn upon the State Treasurer has been lost or destroyed . . . is authorized to issue a duplicate warrant in lieu of the original warrant . . .; but no such duplicate warrant . . . shall issue until the applicant has filed with the Comptroller his affidavit, stating that he is the true owner of such instrument, and that the same is in fact lost or destroyed, and shall also file with the Comptroller his bond in double the amount of the claim with two or more good and sufficient sureties, payable to the Governor, to be approved by the Comptroller, and conditioned that the applicant will

*Ch. 14, Tit. 83, being Art. 5221b-1 through 5221b-24, V.C.S.

hold the State harmless and return to the Comptroller, upon demand being made therefor, such duplicates or copies, or the amount of money named therein, together witn all costs that may accrue against the State on collecting the same . . ."

Article 5221b-7, subdivision (d), Vernon's Civil Statutes, in setting forth the manner of payment of benefits under the Unemployment Compensation Act, provides, in full, as follows:

"If a warrant has been issued by the Comptroller in payment of benefits as provided under this Act, and if the claimant entitled to receive such warrant has lost or loses, or for any reason failed or fails to receive such warrant after such warrant is or has been issued by the Comptroller, and upon satisfactory proof of such, the Comptroller may issue to claimant a duplicate warrant as provided for in Article 4365, Revised Civil Statutes of Texas, 1925, but in no event shall a duplicate warrant be issued after one year from the date of the original warrant.

"If, after any warrant has been issued by the Comptroller payable to a claimant for benefits under the provisions of this Act, and such warrant shall have been lost or misplaced, or if claimant for any reason fails or refuses to present said warrant for payment within twelve (12) months after the date of issuance of such warrant, such warrant shall be cancelled, and thereafter no payment shall be made by the Treasurer on such warrant, and no duplicate warrant in place thereof shall ever be issued."
(Emphasis added.)

When Subdivision (d) was added to Article 5221b-7, supra, in 1939 (Acts 46th Leg., R.S., 1939, p. 436,447, S.B. 21, Sec. 6), the Legislature, clearly had the provisions of Article 4365, supra, in mind. See the reference to Article 4365 in the first paragraph of Subdivision (d).

While the first portion of Subdivision (d) prohibits payment after one year to the claimant entitled to receive unemployment benefits, and makes no reference to paying the claimant's assigns, the final clauses of both paragraphs of the Subdivision prohibit payment, after the one-year period, on the warrant itself. We are, therefore, of the opinion that the one-year prohibition is applicable to both the initial payee of the warrant and to his assigns.

We are also of the opinion that Article 5221b-7, Subdivision (d), impliedly amended Article 4365, so as to constitute an exception to the broad terms of Article 4365 in the case of recipients of warrants for unemployment compensation benefits. You are advised that the Comptroller may not issue a duplicate warrant for unemployment compensation benefits after one year from the date of issuance of the original warrant.

Your first question is, therefore, answered in the negative. As your first question has been so answered, it is not necessary for us to answer your second question.

S U M M A R Y

Under the provisions of Article 5221b-7, subdivision (d), Vernon's Civil Statutes, the Comptroller is not authorized to issue a duplicate warrant for payment of unemployment compensation benefits to the initial payee of the warrant, or to his assigns, more than one year after the date of issuance of the original warrant.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Austin C. Bray, Jr.
Assistant Attorney General

Hon. Richard L. Coffman, page 5    (M-898)


APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Jim Swearingen
Robert Davis
John Banks
Michael Stork

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant